**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**Jay A. Eilerman,** *et ux.***,**

            **Plaintiffs,**

**v.**

**Cargill, Inc., d/b/a/ Cargill Oilseed
    Processing,**

            **Defendant.**

Case No. 3:04-cv-034

Judge Thomas M. Rose

Chief Magistrate Judge Michael R. Merz

_____

**ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE** (DOC. 40) **AND
DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE**
_____

This matter is before the Court on Plaintiff's Objection to a Report and Recommendation to dismiss the instant action.  Doc. 40.  The case stems from an incident wherein Plaintiff Jay A. Eilerman sustained injuries after he decided to embark upon an improvised method of repairing a disabled loading chute.  When the loading chute Eilerman operated at Defendant's distribution center failed to operate, Eilerman used a wrench on a spindle that protruded from the loading chute engine to set the engine back into motion.  Eilerman's access to the engine was eased by the absence of a protective cover that had originally encompassed the engine.  In so doing, Eilerman failed to follow a Cargill requirement that anyone performing maintenance on a machine to turn off its power source and place a tag on the source indicating that it was only to be turned back on by the person who had placed the tag.  Eilerman was injured when his remedy succeeded in engaging the motor, which spun the spindle, causing the wrench to fly off and strike Eilerman in the head.  Eilerman filed an action charging his employer with commission of

an intentional tort and seeking additional damages for loss of consortium.  Doc. 1.  The matter was referred to United States Magistrate Judge Michael R. Merz.  Doc. 39.

Defendant sought summary judgment, asserting that Plaintiff could prove none of the three elements of an employer intentional tort established in *Fyffe v Jeno's*, 59 Ohio St. 3d 115 (1991).  The Magistrate agreed and recommended the award of summary judgment.  Doc. 40.  Plaintiff has objected.  Doc. 42.

The Court has made a *de novo* review of the record in the case as required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b).  Upon said review, the Court finds that Plaintiff's objections (Doc. 42) to the Magistrate Judge's Report and Recommendations (Doc. 40) are not well taken.  Specifically, there is no causal connection between the cover that was missing from the Cargill loading chute motor, and the injury Eilerman received.

Eilerman compares to the missing protective cover in this case to the cover that was missing in the case of *Jackson v. Astro Shapes*, 200 Ohio App. LEXIS 802 (Ohio App. 2002), which existed in order to protect employees from incidental contact with moving parts.  Eilerman's injuries resulted from his superceding decision to deliberately approach the stationary spindle and set it in motion.

Moreover, there is a tension between Eilerman's attempts to prove the first two elements of a *Fyffe* action: knowledge by the employer of the existence of a dangerous process, procedure, instrumentality, or condition within its business operation; and knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty.  *Fyffe v Jeno's*, 59 Ohio St. 3d 115 (1991).  Eilerman asserts that teeth marks on the spindle evince

Cargill's knowledge of employees manually freeing stuck spindles, apparently without sustaining injury.  More importantly, there is no evidence of the third *Fyffe* element, required continued performance of the dangerous task.  *Id.*  To the contrary, the uncontradicted evidence is that Cargill had a policy of requiring machinery to be tagged out when worked upon, and Eilerman admitted a subjective understanding that he would be disciplined if Cargill learned that he had failed to tag out the machine he was working on.  Indeed, Eilerman admitted that no one had told him to free the spindle and that it was his idea to attempt to do so.  Wherefore, Plaintiff's objections to the Magistrate Judge's Report and Recommendations (Doc. 42) are **OVERRULED**.

Accordingly, the Magistrate Judge's Report and Recommendation is **ADOPTED** in its entirety.  Cargill's motion for summary judgment, doc. 31, is granted.  Judgment is to be entered in favor of Defendant Cargill Inc. and against Plaintiff Jay A. Eilerman and Jennifer M. Eilerman.  The Complaint is **DISMISSED** with prejudice.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, June 27, 2005.

/s/ Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE